UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| In re: | ) | CASE NO. 10-13268 |
|---|---|---|
| DAVID JAMES MOTTER | ) | |
| social sec # XXX-XX-0735 | ) | CHAPTER 7 |
| Debtor | ) | |

| TROY D. WILLIAMS AND | ) | |
|---|---|---|
| JODY STAPLER WILLIAMS | ) | |
| PLAINTIFFS, | ) | |
| | ) | ADVERSARY PROCEEDING |
| VERSUS | ) | NO. _____ |
| DAVID JAMES MOTTER | ) | |
| DEFENDANT | ) | |

## ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

NOW INTO COURT, come Troy D. Williams and Jody Stapler Williams, through undersigned counsel, for the limited purpose of determining that the debt owed to them is nondischargeable. In support thereof, Troy D. Williams and Jody Stapler Williams submit and assert as follows:

1. The adversary proceeding arises of Defendant's Chapter 7 case. Defendant initially filed under Chapter 13 on or about September 7, 2010 and the matter was converted to a case under Chapter 7 on or about March 3, 2011.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) and the Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157 and

1

11 U.S.C. § 523.

3. This adversary proceeding relating to debt stems from David Motter's misrepresentation, intentional acts and fraud with regard to inducing Plaintiffs, Troy D. Williams and Jody Stapler Williams, to lend money to David Motter on behalf of himself and/or a third party, Capella & Motter, L.L.C.

4. The parties hereto, Troy Williams and Jody Williams, retained defendant, David Motter and his firm, Capella & Motter, L.L.C. to handle certain legal matters regarding Troy Williams' daughter. The parties agreed to a flat fee of $5,000.00 to handle the initial legal matter. The $5,000.00 was paid via check.

5. In the course of handling the legal matter for the Plaintiffs relative to their daughter, David Motter, on behalf of Capella & Motter, solicited a loan from Plaintiff, Jody Williams. In order to induce Jody Williams to lend the money requested, David Motter told Ms. Williams that he needed to borrow $13,000.00 to fund surgery for a client of Capella & Motter and/or David Motter, which surgery was related to a matter which Capella & Motter and/or David Motter were allegedly handling for that client.

6. David Motter never named the client.

7. Jody Williams met with David Motter at Chops restaurant during lunch in June 2010. Ms. Williams handed David Motter $9,000.00. A few days later, David Motter approached Ms. Williams again and reiterated that Capella & Motter needed $13,000 for the client's surgery, not $9.0000. Around this same time, the Plaintiffs also asked David Motter and the firm of Capella & Motter to handle some additional matters

for the Mr. Williams' daughter, Ashley Williams. David Motter, on behalf of Capella & Motter, quoted a flat fee cost of $2,000.00 to handle the additional legal matters. Ms. Williams delivered a $2,000.00 check for the attorney's fee.

8. In addition to the $2,000.00 check for fees, Ms. Williams delivered $4,000.00 in cash to the law offices of Capella & Motter on North Causeway in Metairie for another loan to Capella & Motter. The $4,000.00 was in an envelope handed to an employee of Capella & Motter. When discussing why the loan was needed, David Motter reiterated that Capella & Motter, and/or he, had a client who needed surgery and that funds would be paid back.

9. It is now known that David Motter was in dire personal financial straights at the time he sought out the loan from Plaintiffs. Plaintiffs now believe that the story about the client needing surgery was untrue. Accordingly, Plaintiffs assert that David Motter made misrepresentations to Plaintiffs in order to obtain funds from them, and therefore, committed fraud and misrepresentation upon them pursuant to Louisiana Civil Code Articles 1953 and 1955, and 1956.

10. It also now believed that funds lent were not sued for the surgery of the client as represented, but rather was used personally by David Motter. It is believed that David Motter cannot prove the funds were used by Capella and Motter or David Motter to pay for surgery of a client.

11. On more than one occasion and through more than one means, Plaintiffs made demand for repayment of the funds. Capella & Motter and/or David Motter failed

and refused to repay the loan.

12. In response to a request for payment, David Motter advised that neither he nor the firm had the funds to repay the loan at the time of the telephone call but would be paying in a week. The week came and went with no payment. When David Motter was contacted again, he simply said he was "not worried about it." Troy Williams also demanded repayment and was advised by David Motter to "sue."

13. Additionally, after the money was lent, Plaintiffs requested a written accounting of the legal fees paid and any remaining amount due. No such accounting was forthcoming.

14. Suit was filed against David Motter, personally, in the matter entitled *Williams v Motter*, civil action number 691-941 in the 24th Judicial District Court for the Parish of Jefferson for the debt.

15. Then, David Motter filed for Chapter 11 personal bankruptcy in this matter. However, David Motter did not initially list the debt at issue in this matter as a personal debt in his bankruptcy indicating that he was of the position that the debt at issue was a debt of Capella & Motter, L.L.C., not him personally.

16. Thereafter, the debt was listed and the instant proceeding was converted from Chapter 11 to Chapter 7.

17. Plaintiffs assert that the debt at issue is nondischargeable pursuant to 11 U.S.C.A. §727 and/or 11 U.S.C.A. §523, as it arises out of intentional fraud and misrepresentation committed by David Motter on behalf of himself and the law firm of

Capella & Motter. Additionally, to the extent that Capella & Motter are liable for the debt, same cannot be discharged in favor of Capella & Motter in these proceedings as Capella & Motter is not seeking discharge in bankruptcy.

WHEREFORE, Plaintiffs respectfully requests that this Court hold the debt nondischargeable pursuant to 11 U.S.C.A. §727 and/or 11 U.S.C.A. §523.

RESPECTFULLY SUBMITTED:

_/s/ Yvette A. D'Aunoy_____
LANNY R. ZATZKIS, T.A. #13781
KAREN D. McCARTHY #14193
YVETTE A. D'AUNOY #22761
ZATZKIS McCARTHY & Associates
650 Poydras Street Suite 2750
New Orleans, Louisiana 70130
(504) 523-2266
FAX: (504) 593-9921
Attorneys for Troy D. Williams